IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD W. EDMOND, 579280,<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | No. 3:07-CV-852-D<br>ECF |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Factual Background:**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent Nathaniel Quarterman is the Director of TDCJ-CID.

Petitioner challenges two forgery convictions. On March 6, 1990, Petitioner pled guilty to forgery in cause number F-90-30594-MW (363rd Jud. Dist. Ct., Dallas County, Tex. March 6, 1990). He was placed on ten years deferred adjudication probation. Petitioner violated his probation by committing a second forgery. On January 24, 1991, the court adjudicated Petitioner's guilt and sentenced him to twenty years in prison.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

On February 14, 1991, Petitioner pled guilty to the second forgery in cause number F-91-56810-TW (363rd Jud. Dist. Ct., Dallas County, Tex., Feb. 14, 1991). He was sentenced to twenty-five years in prison, to run concurrently with his previous conviction.

Petitioner did not appeal either of his convictions. He also did not file any state petitions for writ of habeas corpus for these convictions.[1]

On May 14, 2007, Petitioner filed this petition claiming that he has been improperly denied release on parole, that his time credits have been miscalculated and that he was denied a proper parole revocation hearing. On February 4, 2008, Respondent filed a motion to dismiss for failure to exhaust state remedies. Petitioner did not file a response. The Court finds the petition should be dismissed.

**Discussion:**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

---

[1] On November 19, 1998, Petitioner was convicted of theft and was sentenced to three years in prison. He filed three state petitions for writ of habeas corpus challenging this conviction. *Ex parte Edmond*, Nos. 42,050-01, 02, -03.

Petitioner did not file a petition for discretionary review and did not file any state applications for writ of habeas corpus. He therefore has not presented his claims to the Texas Court of Criminal Appeals. Further, as to his time credit claim, he has not shown that he has complied with section 501.0081 of the Texas Government Code. That statute provides:

> (a) the [TDCJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
>   (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>   (2) if the inmate has not received a written decision described in Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
> (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge . . . .

Tex. Gov't Code Ann. § 501.0081 (West 2008); *see also Ex parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Petitioner has not shown that he has exhausted his state remedies. His claims should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed this 18th day of March, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).